EMILY J. BYWATERS AND HUSBAND v. THE PARIS & GREAT
NORTHERN RAILWAY COMPANY.

No. 6045.

**Railway Charter Forfeited for Nonuser—Statute Self-Acting.**—Article 4278 of the Revised Statutes prescribes that upon the failure of a railway corporation to construct, equip, and put in good running order at least ten miles of its proposed road within two years after the filing of its articles of incorporation * * * such corporation shall forfeit its corporate existence, and its powers shall cease as far as relates to that portion of said road then unfinished, and shall be incapable of resumption by any subsequent act of incorporation. Construing this act, *held:*

1. This act is self-acting.
2. That a forfeiture existing at the passage of the Act of March 27, 1885 (Sayles. Civil Stats., art. 4278a), is not removed by such act.

APPEAL from Lamar. Tried below before Hon. Richard B. Semple. The opinion states the case.

*J. G. Dudley,* for appellants. — 1. The court erred in its findings of law in its first conclusion in finding that the plaintiff's charter is now valid and in force, because the law under which the plaintiff sought to be incorporated placed a condition or limitation upon its corporate existence, and made its legal existence depend upon the performance by it of certain conditions prescribed in the law, and gave it no vested rights

until it complied with such conditions, and on failure to comply with the prescribed conditions its corporate existence thereupon absolutely ceased and determined.    Rev. Stats., art. 4278; Acts of 1879, ch. 51; Steam Transit Co. v. Brooklyn, 78 N. Y., 524; Sturges v. Vanderbilt, 73 N. Y., 384; Matter of Brooklyn W. & N. R. R. Co., 72 N. Y. 245; 75 N. Y., 335; Matter of Brooklyn W. & C. R. R. Co., 81 N. Y., 69; Oakland R. R. Co. v. Oakland, Brooklyn, etc., R. R. Co., 45 Cal., 365; Selee v. Bloom, 10 Am. Dec.; Farnsworth v. M. &. P. R. R. Co., 92 U. S., 49.

2.    After the existence of the corporation has ceased and determined under the law creating it the Legislature has no power to revive its existence so as to bind its corporators not consenting thereto.    Rev. Stats., art. 4278; Acts of 1879, ch. 51; Const., art. 3, sec. 56; People v. Manhattan Co., 9 Wend., 381, 383; Mora. on Corp., secs. 666, 435; Ang. & Ames on Corp., sec. 777; Commonwealth v. Union Ins. Co., 5 Mass., 232; Quincy Canal v. Newcomb, 7 Met., 277.

3.    Where a corporation by its own acts has ceased to exist or has suffered or permitted acts which destroy its legal existence it is as fully and entirely dissolved as if declared so by a judgment of a court of competent jurisdiction, and in such case its corporate existence may be inquired into in a collateral proceeding.    Field on Corp., sec. 494, and authorities there cited in note 2.

*Hale, Baldwin & Hale,* for appellee.—1.    Appellee's charter and corporate existence had not ceased to exist, but was valid and can not be collaterally attacked by a debtor who is a member thereof, indebted for stock or on a subscription thereto.    Rev. Stats., app. sec. 1, p. 45; Rev. Stats., arts. 599, 604; Russell v. Farquhar, 55 Texas, 360; Acts of 1885, p. 54; Scoby v. Sweatt, 28 Texas, 728; United States v. Graham, 110 U. S., 221; Simpson v. Brotherton, 62 Texas, 171; Railroad v. State, 3 How., 534; Harnsworth v. Railroad, 92 U. S., 72; Brown v. United States, 113 U. S., 571; Mackall v. Canal Co., 94 U. S., 308; Cool. on Con. Lim., 446; Field on Corp., sec. 493; Taylor on Corp., secs. 45, 457–460, 434; 1 Wood on Rys., sec. 46, and note; 3 Wood on Rys., sec. 497; People v. Manhattan Co., 9 Wend., 380; Mickles v. Bank, 11 Paige Ch., 118; Green v. St. Albans Trust Co., 10 Am. and Eng. Corp. Cases, 215; Terhune's Case, and note, 23 Am. and Eng. R. R. Cases, 757; N. Y. & N. E. Ry. Co. v. Railroad, 25 Am. and Eng. R. R. Cases, 222; Tecumseh v. Town Site, 3 Neb., 284; Irvine v. Lumbermen's Bank, 2 Watts & Searg., 204; Dyer v. Walker, 40 Pa. St., 169; Vermont v. Vermont Ry. Co., 34 Vt., 1; Attorney-General v. Stevens, Saxt., 378.    Nat. Dock R. R. Co. v. Central R. R. Co., 5 Stew. Ch., 760, 761.

2.    Appellee's existence is not prohibited by the State Constitution, and if it is, a stockholder who was a debtor to the corporation long anterior to the prohibition is not thereby relieved from liability while there

are outstanding liabilities against the corporation.     Rev. Stats., art. 4145; Williams v. Rogan, 59 Texas, 438; H. & T. C. Ry. Co. v. Shirley, 54 Texas, 125; Wood on Rys., secs. 35–41; Pierce on Rys., p. 66; Taylor on Corp., sec. 738.

3.   In this case the corporate existence of appellee had not ceased to exist, but if grounds of forfeiture existed the State had waived it, and appellant could not raise the question in this suit, and they are bound by the contract and subscription.    App. Rev. Stats., p. 45; Rev. Stats., art. 599; Gen. Laws 1885, p. 45; Sayles' Civil Stats., art. 4278a.

ACKER, PRESIDING JUDGE.—On the 19th day of July, 1881, J. N. Adams subscribed for twenty shares of one hundred dollars each of the capital stock of appellee company, and paid five per cent of his subscription in cash.   On the 28th day of July, 1881, appellee having organized by the election of directors and officers, was duly incorporated under the general laws.    The amount of capital stock was fixed by the charter at $30,000, all of which was subscribed for and five per cent paid in cash.

The charter declared the purpose of the corporation to be "the construction of a railroad from Paris, Texas, to Red River."   On the 19th day of September, 1881, Adams died intestate, without children or descendants of children, leaving no separate estate but a large community estate which went into the possession of his widow, Emily F., who married J. K. Bywaters in December, 1882.    Adams owed no debts other than the subscription sued on.

Annual meetings were held and officers elected, but no other step was taken toward carrying out the purposes of the charter until in February and March, 1886, when calls were made by the directors covering the unpaid ninety-five per cent of the stock, which appellants refused to pay, and for the recovery of which this suit was instituted on the 22d day of March, 1886.    The trial was without a jury and resulted in judgment against appellants for the amount sued for with interest and costs of suit.

Of the several defenses interposed by appellants we think it necessary to consider only one, which lies at the threshhold of the case and in our opinion is conclusive of the rights and liabilities of the parties.    Article 4278 of the Revised Statutes, under which appellee obtained its charter, provides:   "If any railway corporation organized under this title shall not within two years after its articles of association have been filed and recorded as provided by this title begin the construction of its road, and construct, equip, and put in good running order at least ten miles of its proposed road, and if any such railroad corporation, after the first two years from the date of its organization, shall fail to construct, equip, and put in good running order at least twenty additional miles of its road each and every succeeding year until the entire completion of its line,

:such corporation shall in either such cases forfeit its corporate existence, and its powers shall cease as far as it relates to that portion of said road then unfinished and shall be incapable of resumption by any subsequent act of incorporation."

It is contended by appellants that the failure of appellee to begin the construction of its road within the two years after July 28, 1881, the day on which its articles of association were filed in the office of the Secretary of State, worked a forfeiture *ipso facto* of its corporate existence, and determined its powers by virtue of this statute. Appellee contends that this statute is not self-acting, that there could be no forfeiture of its charter except by judicial proceeding for that purpose, and that if the statute is self-acting and the failure to comply with its conditions did work a forfeiture of its charter the Act of 1885 condoned the forfeiture and restored its corporate existence.

We think there can be no doubt that the statute is self-acting, and that appellee having failed to begin the construction of its road within the two years forfeited its corporate power to do any act not looking to the winding up of its business, and had no power to institute this suit or perform any other act in the absence of a showing that this was necessary to that end. The State had the right to prescribe the terms upon which appellee acquired its charter, and to attach to its grant of corporate power the conditions and limitations upon which its creature, the corporation, should continue to exist and exercise its corporate powers.

The general railroad law of New York contains the following provision:

"If any corporation formed under the general act shall not within five years after its articles of association are filed and recorded begin the construction of its road and expend thereon ten per cent on the amount of its capital, or shall not finish its road and put it in operation in ten years from the time of filing its articles of association as aforesaid, its corporate existence and powers shall cease."

In construing this statute the Court of Appeals of New York in the matter of the B. W. & N. Ry. Co., 72 New York, 248, says: "The existence of the corporation was determined by the omission to comply with either of the prescribed conditions, and the omission to begin the construction and to expend the ten per cent of the capital within the five years was as fatal as the failure to finish the road within the ten years. * * * It needed no action or judicial procedure to declare or complete the forfeiture of the charter and loss of corporate powers."

To the same effect are the following authorities: Brooklyn Trans. Co. v. Brooklyn, 78 N. Y., 530; 75 N. Y., 338; 81 N. Y., 71; 15 Cal., 365; 92 U. S., 66.

The Act of 1885 (laws of that year, 54), upon which appellee relies as an avenue of escape from the consequences of the foregoing conclusion, is as follows: "That all limitations as to the time within which any part

of any railroad shall be constructed contained in articles 605 and 4278 of the Revised Statutes shall be suspended until January 1, 1887, and the period of time within which any part of any road shall be constructed, equipped, and put in good running order shall begin to run from said date."

If correct in our conclusion just announced appellee had forfeited its corporate existence and its powers had ceased long before the Act of 1885 took effect. Adams is presumed to have subscribed for the stock in contemplation of and with reference to the laws then in force, by the operation of which he was absolved from all liability on his subscription before the Act of 1885 became a law. We can not assent to the proposition that the Legislature has the power to make a contract for the parties, or to revive and make binding an obligation which has lapsed or become barred without consent of the party to be bound. Besides this we think the concluding paragraph of article 4278 is conclusive against the construction of the Act of 1885 contended for by appellee. This concluding paragraph provides that the corporate existence of a company which has been forfeited under the operations of that article "shall be incapable of resumption by any subsequent act of incorporation."

To give to the Act of 1885 the construction contended for by appellee would be to nullify this provision, for by that construction the Act of 1885 becomes an act of incorporation as to appellee.

We are of opinion that the judgment of the court below should be reversed and judgment rendered here in favor of appellant; that appellee take nothing by its suit, and that it pay all costs.

<em>Reversed and rendered.</em>

Adopted April 30, 1889.