BROWN

*v.*

## THE DELAFIELD AND BAXTER CEMENT CO.

PLEADING; SCIRE FACIAS.

1. Whether a plea of *nul tiel corporation* to a *scire facias* to revive a judgment against a corporation, is a plea in abatement or a plea in bar, *quaere.*
2. A plea to a *scire facias* to revive a judgment against a corporation, stating that the corporation "was dissolved and ceased to have any existence as a corporation," prior to the issuance of the *scire facias*, is demurrable, as stating a conclusion of law.

No. 44.    Submitted September 21, 1893.—Decided October 2, 1893.

HEARING on appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, holding a law term, upon a *sci. fa.* to revive a judgment.    *Affirmed.*

THE COURT in its opinion stated the case as follows:

This is a *scire facias* to revive a judgment recovered by the Delafield & Baxter Cement Co., March 10, 1874, in the Supreme Court of the District against Austin P. and Samuel P. Brown, for the sum of $3,200.

The defendants filed the following plea in bar: " That after the judgment of *fiat* rendered in this case on the 11th day of October, 1879, and before said writ of *scire facias* was issued on the 30th day of April, 1891, the plaintiff, the Delafield & Baxter Cement Co., was dissolved and ceased to have any existence as a corporation for any purpose." This plea was accompanied by an affidavit of one of the defendants to the

effect that within a few days he had caused careful inquiry to be made in the city of New York of the existence of the plaintiff (which purported to be a corporation of that State), and that he expected to be able to prove that the corporation was dissolved prior to April 30, 1891, and that there was no officer, agent, attorney, or other person authorized to act, or to empower any one else to act, for or in the name of said corporation in suing out said writ, etc.   The affidavit was filed in compliance with Rule 121 of the Supreme Court of the District of Columbia, which reads as follows: " In cases of *scire facias* on judgments, and in actions on judgments from a State court, or court of the United States, any plea thereto shall be treated as a nullity unless an affidavit accompany the plea showing a defense to the action."   Plaintiff moved for judgment notwithstanding the plea, because the affidavit did not show a " defense to the action."

This was denied, whereupon plaintiff entered a demurrer to the plea, which was sustained, apparently on the ground that the plea should have been in abatement instead of in bar. The court then gave defendants ten days in which to plead further, and upon their default, rendered judgment on behalf of plaintiff, from which this appeal was taken.

*Mr. A. S. Worthington* for the appellants:

The pleas in this case are proper pleas in bar and not pleas in abatement.   A plea in abatement would have been proper had the defense been that the plaintiff was not properly named in the writ, in which event the defendant would have had to state the true name of the corporation, or, in the language of the books, have given the plaintiff a better writ. But the defense being not merely that there was a misnomer, but that the plaintiff corporation had been dissolved prior to April 30, 1891, and therefore had no existence at the time the writ was sued out, the proper course was to plead, as has been done here, a plea in bar.   1 Saunders (Wms. notes), 340 ; *Society for Propagation of the Gospel* v. *Pawlet*, 4 Peters, 501 ; *B. & P. R. R. Co.* v. *Fifth Baptist Church*, 137 U. S.,

568; *Stafford* v. *Bolton*, 1 Bos. &·Pul., 43; 2 Waterman on Corp., Sec. 335, note 3; *Bank of Metropolis* v. *Orme*, 3 Gill, 443. A plea in bar is proper in such circumstances not only when there never was such a corporation as the plaintiff, but also when having once existed it has been dissolved. *Northumberland County Bank* v. *Eyer*, 60 Pa. St., 436.

*Mr. J. H. Lichliter* for the appellee:

1. In an action by a corporation, if the defendant would deny the corporate existence, he must do so by a plea in abatement. *Conard* v. *Insurance Co.*, 1 Peters, 397.

2. The cause of action is *res adjudicata*. *Scire facias* is merely a supplementary step in the original action. Freeman on Judgments, Sec. 444. Therefore, the only allowable pleas to a *scire facias* on a judgment are *nul tiel record*, payment, release, satisfaction or discharge of the original judgment. Black on Judgments, Sec. 493. In a suit by a natural person it is not enough to aver in the plea that there was no such person at the impetration of the writ; the averment must be that there never was such a person. The same rule applies to a corporation. *Northumberland Bank* v. *Eyer*, 60 Pa. St., 437; Waterman on Corp., Sec. 335.

3. The pleas do not contain an allegation of a single fact from which the court could infer or deduce a dissolution of the corporation. They assert simply a conclusion of law without presenting the facts necessary to establish and support it. A plea that plaintiff has forfeited its charter and franchises by non-user, without an averment that a forfeiture thereof has been declared by a judicial proceeding for that purpose, is demurrable. *West* v. *Carolina Life Ins. Co.*, 31 Ark., 477; *City Ins. Co.* v. *Commercial Bank*, 68 Ill., 350; *Hollingshead* v. *Woodward*, 35 Hun, 412; *The People* v. *Twaddell*, 18 Hun, 432; *Nimmons* v. *Tappan*, 2 Sweeney, 659; *Barclay* v. *Talman*, 4 Ed. Ch., 128, 134; *State* v. *Bank*, 6 G. & J., 206, 330; *De Camp* v. *Alward*, 52 Ind., 469; *Bruffett* v. *Great W. R. R. Co.*, 25 Ill., 310; *Green* v. *Walkill Nat. Bank*, 7 Hun, 63; Morawetz on Corporations, Sec.

1008, and cases cited ; *Barren Creek Co.* v. *Beck*, 99 Ind., 247 ; *Cahill* v. *Kalamazoo Ins. Co.*, 2 Doug., 140-1 ; *Lehigh B. Co.* v. *Lehigh C. & N. Co.*, 4 Rawle, 23 ; *Commonwealth* v. *Cullen*, 13 Pa. St., 141 ; *Kincaid* v. *Dwinelle*, 59 N. Y., 552-3.

Mr. Justice SHEPARD delivered the opinion of the court:

Whether the plea to the *sci. fa.* should have been considered a plea in abatement instead of in bar, is a question about which there is much doubt.  Some authorities hold that *nul tiel corporation* is a plea in abatement strictly.  *Heaston* v. *Cin., etc., Rwy. Co.*, 16 Ind., 275, and cases therein cited.  In *Conard* v. *Atlantic Ins. Co.*, 1 Pet., 397, Story, J., without discussion, treats it as a plea in abatement; while in *B. & P. R. R. Co.* v. *Fifth Baptist Church*, 137 U. S., 568, it is called a good plea in bar.  See also *Northumberland Bank* v. *Eyer*, 60 Pa. St., 437.

In other cases, again, it is treated as good either in bar or in abatement, at the option of the pleader.  *Society, etc.* v. *Town of Pawlet*, 4 Pet., 501 ; *Life Assn.* v. *Goode*, 71 Tex., 90; Gould's Pl. (5th ed.), 504.

It is not necessary for us to decide this question, however, because the judgment below can be sustained upon another ground of undoubted soundness.

The plea alleges merely that the plaintiff " was dissolved and ceased to have any existence as a corporation."  This is a conclusion of law and not a statement of the facts from which the legal conclusion of dissolution could be arrived at.

Morawetz, in his excellent treatise on the Law of Corporations (2 Vol., Sec. 1004), points out five ways in which a corporation may be legally dissolved.  To these might be added the case, where by express provision of the charter itself, the omission to perform some act is made to work a forfeiture and may be pleaded in bar of some right or privilege incident to the corporate franchise.  *Bywaters* v. *P. & G. N. Rwy. Co.* 73 Tex., 624, and cases cited in the opinion.

It is a sound rule of pleading that requires the facts which show the legal dissolution of the corporation to be stated with substantial accuracy, in order that the court may be informed of their legal sufficiency, and the opposing party of the character of the evidence he will be called upon to meet.

The supporting affidavit, if to be considered at all in this connection, is hardly more definite in its terms than is the plea, though it may be inferred from it that the proof of dissolution would consist of evidence of *non-user* of the corporate franchise. If true, this would not amount to a dissolution of the corporation. The authorities are practically unanimous to the effect that a corporation does not lose its franchise or become legally dissolved by discontinuing its business, ceasing to maintain an office or to elect officers, or by becoming hopelessly insolvent. 2 Morawetz on Corp., Secs. 1008, 1010, 1011.

*Non-user* may constitute good ground for pronouncing forfeiture in a proceeding instituted for that purpose, on behalf of the State, but it does not of itself work a legal dissolution.

It follows from what has been said that the judgment of the court below must be affirmed with costs.

*Judgment affirmed.*