805 ST. MARKS AVENUE CORPORATION, Appellant, *v.* CAROL FINKELSTEIN, Respondent. (Action No. 1.)

805 ST. MARKS AVENUE CORPORATION, Appellant, *v.* CAROL FINKELSTEIN, Respondent. (Action No. 2.)

(Consolidated Appeals.)

Second Department, December 4, 1931.

David Kachman [*Abraham Singer* with him on the brief], for the appellant.

*Sidney Wedeen*, for the respondent.

HAGARTY, J. Tersely put, this appeal presents the following question: Where a lease provides that it shall be extended and renewed until notice of termination is given, and the tenant gives a timely and proper notice but fails to vacate at the expiration of the term, has the landlord the option to treat the tenant as a trespasser or as a tenant for another year upon the terms of the prior lease, so far as applicable? The Municipal Court and the Appellate Term, by their decisions, answered this question in the negative. I reach a different conclusion.

There is no case in the State of New York exactly in point. The conclusion to which I have come rests largely upon the doctrine enunciated in *Schuyler* v. *Smith* (51 N. Y. 309). That case involved an appeal from a judgment granted by the referee upon the pleadings. The property there consisted of a wharf and adjacent land at Yonkers, in Westchester county. The action was to recover rent. The defendants, in their answer, admitted the relationship of landlord and tenant between the parties; that they had held the wharf as tenants for several years prior to the 1st day of May, 1864; that the tenancy expired on the 1st day of May, 1864, and that they had remained in possession until the twenty-first day of May of that year. The plaintiff claimed that, because the defendants had held over, he had the right to hold them as tenants for the ensuing year. This the tenants denied. The denial was based upon the ground that the tenants had given the landlord notice before the expiration of the term that they did not intend to occupy the premises for another year, and had made arrangements, with the latter's knowledge, to occupy another wharf. The court, in its opinion, recognized the law existing then, as it does to-day, that where a tenant holds over after the expiration of his term, the law

will imply an agreement to hold for another year on the terms of the prior lease. It then continues: " If he [the tenant] may give notice that he does not intend to hold over as tenant, and yet hold for three or six months without being a tenant at any time, leaving his landlord to an imperfect and uncertain remedy by action of trespass or ejectment, he may greatly embarrass his landlord and defeat a letting for the balance of the year. The safe and just rule I believe to be the one established by authority, that a tenant holds over the term at his peril; and the owner of the premises may treat him as a trespasser or as a tenant for another year upon the terms of the prior lease, so far as applicable."

While I recognize a distinction between *Schuyler* v. *Smith* (*supra*) and the case we are reviewing, in that the lease in the present case specifically provided that it should be automatically renewed and extended for another year unless the tenant gave notice of his intention to surrender the demised premises at the end of the term, at least sixty days prior to the expiration of the term, and that such notice was given, while in the *Schuyler* case the lease contained no such provision but notice was given, nevertheless the principle of law applicable is the same in both cases. The giving of the notice by the tenant in the present case rendered nugatory the provisions of the lease providing for an automatic renewal and extension for one year. Therefore, at the expiration of the term, the lease by its terms came to an end, as it did in the *Schuyler* case. Nevertheless, by holding over, the tenant here, as in the *Schuyler* case, became a trespasser, and the rights of the landlord accrued by virtue of the operation of law, which were to treat the tenant as a trespasser or as a tenant for another year under the lease.

In *Stern & Co.* v. *Avedon & Co., Inc.* (194 App. Div. 433), where at the expiration of a lease for a term of years the parties thereto made an oral agreement that the rent should be increased, and the tenant remained in possession, paying the increased rent which the landlord accepted, and there was no mention or agreement concerning the terms and covenants of the original lease, the law implied a term for a year, subject to all the covenants and agreements of the original lease except as to rent.

To the same effect is *Haynes* v. *Aldrich* (133 N. Y. 287). There the term of the lease expired on the first day of May. Before the expiration defendant informed the plaintiff that she did not desire to renew her lease for another year. The first day of May was a holiday. Possession was retained until May fourth, the excuse being the difficulty in engaging moving trucks. On the afternoon of the fourth of May the keys were tendered to plaintiff,

but refused. In an action to recover rent it was held that plaintiff was entitled to consider the tenancy renewed for another year.

In *Kennedy* v. *City of New York* (196 N. Y. 19) it was held that a tenancy from year to year, created by the tenant's holding over after the expiration of his original term, is a new term for each year of such holding over, upon the terms of the original lease so far as they are applicable to the new relation. The opinion in that case is valuable to us, since it recognizes the relationship in such cases as new tenancies subject to the original conditions. From the opinion I quote (pp. 23, 24): " Under such a holding over a tenant is bound for another year, not by virtue of an express contract but by implication of law springing from the circumstances. (*Herter* v. *Mullen*, 159 N. Y. 28, 43.) * * * In the case of *United M. Realty & Impr. Co.* v. *Roth* (193 N. Y. 570, 576) it was held, upon the opinion of Chief Judge CULLEN, that ' the right of the landlord to treat the holdover as a tenant for a *new* term does not spring from the contract of the parties but is the penalty imposed by law upon the trespassing tenant.' The same view was expressed in Judge VANN's dissenting opinion in the following language: ' Owing to the previous relations between the parties the law implies a renewal of the obligations dependent on those relations, which measure every detail of the *new* contract ' (p. 579)." (See, also, *Snyder* v. *Henry*, 32 Penn. Super. Ct. 167, and *Graham* v. *Dempsey*, 169 Penn. St. 460.)

The case last cited is closely in point, and the court there wrote: "A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going. That actions speak louder than words is sound law as well as proverbial wisdom."

The cases upon which the respondent relies are not in conflict with the authorities herein cited. For instance, in *Phipps Estates* v. *Phong* (214 N. Y. 308) a verdict was recovered against the defendants on the ground that they were tenants holding over without the consent of their landlord. After a consideration of the facts, it was held that the evidence did not justify a verdict on such ground. There were negotiations carried on between the parties justifying the holding by the court that the evidence did not warrant the claim that the appellants became liable for another year's rent as tenants holding over because they continued in possession after the eighth day of September without the consent of the landlord. " That seems to be the one thing which they did not do," stated the court in its opinion. A question of fact was there involved, but the rule of law was recognized.

The orders of the Appellate Term, affirming the judgments of

the Municipal Court, should be reversed upon the law, with costs, the judgments of the Municipal Court reversed, with costs, and judgments directed for the plaintiff in the actions upon the facts presented, with costs.

LAZANSKY, P. J., YOUNG and SCUDDER, JJ., concur; KAPPER, J., dissents and votes to affirm upon the following grounds: The tenant's notice to the landlord of a refusal to renew was definite notice to him that he was at liberty to obtain another tenant. Had the landlord obtained another tenant, he could have notified the defendant to move out and make way for the new tenant. In my opinion the defendant could not, by holding over, say to the plaintiff, " Despite my notice of refusal to renew, I am nevertheless here for another year." The defendant here became a tenant at will and was subject to the right of the landlord so to regard him. The rights of the parties were not reciprocal, in my opinion.

Orders of Appellate Term affirming judgments of the Municipal Court reversed upon the law, with costs, judgments of the Municipal Court reversed, with costs, and judgments directed for plaintiff, with costs.