EDWIN N. COURTS, as Executor of and Trustee under the Last Will and Testament of J. N. COURTS, Deceased, Respondent, *v.* THOMAS GOLDEN, Appellant, and JOHN LINCOLN, the Name " John " Being Fictitious, etc., Individually and as Copartners, Doing Business under the Firm Name and Style of " LINCOLN & GOLDEN," Defendant.

Fourth Department, May 3, 1939.

*James J. Butler*, for the appellant.

*John P. Courts* [*Lawrence Conboy* of counsel], for the respondent.

Per Curiam. This action was brought to recover the sum of $402 for rent of store premises in the village of Carthage, Jefferson county, N. Y. The only defendant served was Thomas Golden, and upon motion the plaintiff was granted a summary judgment against that defendant.

A written lease was prepared, purporting to be between Edwin N. Courts, as executor of and trustee under the last will and testament of J. N. Courts, deceased, landlord, and Lincoln & Golden, a copartnership. This instrument was signed by Edwin N. Courts without the addition of his official title and was signed by Lincoln & Golden by Thomas Golden. The term set forth in the lease was one year, ending October 31, 1936. The lease provided for a monthly rental payable on the first day of each month, in advance. The lease further provided that the tenants should have the right to renew the lease for a period of one year, commencing November 1, 1936, by giving written notice of their election to do so one month prior to the expiration of the term.

On November 1, 1935, the defendants took possession of the leased premises. The lessees did not vacate the premises at the expiration of the term on the 31st day of October, 1936, but continued to occupy them until January 31, 1937. The defendants paid rent for the premises for the months of November and December, 1936, and January, 1937. In the month of December, 1936, Courts was notified by Golden that the lessees would remove from the store as of January 31, 1937. Golden was notified that the plaintiff would not accept the surrender of the premises, but considered the lease renewed for a year. The defendants did move from the premises on January 31, 1937.

The plaintiff has recovered for the remaining nine months of the year at the monthly rate specified in the lease, less a small sum received by plaintiff from another tenant.

On January 2, 1937, Golden gave notice to the agent of plaintiff that the premises would be vacated on January 31, 1937.

The appellant claims that the lease was void because it contained a clause giving the tenant the right to renew the same for an additional term of one year and because it was not subscribed by the lessor or his agent. This contention is based upon section 259 of the Real Property Law.

It has been held that an oral lease of premises for one year or less containing an option for an extension for an additional three years is not within the Statute of Frauds, as it is possible for the lease to terminate at the end of the definite period agreed upon. (*Ward* v. *Hasbrouck*, 169 N. Y. 407, 419.)

As the lease on its face showed that it was made on behalf of the estate of J. N. Courts, deceased, the estate was bound thereby, notwithstanding the fact that the person who was executor of such estate in signing the lease failed to add to his signature his official title. (*Whitford* v. *Laidler*, 94 N. Y. 145; *Roarty* v. *McDermott*, 146 id. 296.)

But even if the lease be void, as the defendants entered into possession of the premises and paid the rent provided for in the lease and continued to occupy the building beyond the year, they thereby became tenants from year to year at the same rate of rent. (*Reeder* v. *Sayre*, 70 N. Y. 180; *Laughran* v. *Smith*, 75 id. 205; *Blumenthal* v. *Bloomingdale*, 100 id. 558; *Coudert* v. *Cohn*, 118 id. 309; *Adams* v. *City of Cohoes*, 127 id. 175.)

Notwithstanding the notice given by defendants that they would vacate the premises on January 31, 1937, the fact that they held over after the expiration of the term made them tenants for another year. (*805 St. Marks Avenue Corp.* v. *Finkelstein*, 234 App. Div. 15.)

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.