## UNITED STATES v. 9,890 ACRES OF LAND IN TOWNS OF BROOKHAVEN AND SOUTHAMPTON et al.

### C. P. No. 19.

District Court, E. D. New York.

Sept. 22, 1944.

William J. Hattrick, of Riverhead, N.Y., for landlord.

Gordon M. Lipetz, of Riverhead, N.Y., for tenant.

BYERS, District Judge.

Motion by one Tradeski as owner of Damage Parcel 47 for the payment to him of $4,945.00 deposited by the government, representing:

| | |
|---|---:|
| Value of growing crops | $ 820.00 |
| Rental of 100 acres farm land 16½ months, February 16, 1943, to June 30, 1944, @ $250.00 per acre | 4,125.00 |
| | $4,945.00 |

The motion is opposed by the tenant Bobinski, claiming to have been in possession on February 16, 1943, of 95 of the said 100 acres, under a written lease as to 80 acres, and an oral lease as to 15 acres, both of which continued until December 31, 1943.

Because of inability to resolve conflicting allegations in the motion papers concerning the mutual status of these parties on February 16, 1943, when the government took possession of this Damage Parcel, a Special Master was appointed to take testimony and report his findings as to those matters. The report and minutes of the hearing have now been filed, and a consideration of the testimony, so adduced, permits of a disposition of the motion.

It is clearly shown that these leases were both in effect on February 16, 1943, because the landlord had not taken any legal steps to bring them to an end. This appears from his own testimony.

Rental for the year 1942 had been paid as to both parcels, and while as to the 80 acre parcel the first instalment of 1943 rental was due on February 1, 1943, and was not paid, the Special Master's view, that this was acquiesced in by the landlord because of his knowledge of the intention of the government to enter into possession at a then proximate date, is consistent with the evidence. Indeed the landlord testified that in February or March, 1943, he talked with the tenant:

"Q. What was the conversation? A. We talked about different things and then he asked me about the farm and I told him I didn't know nothing about it myself.

"Q. What do you mean? A. All I know was I was the owner and he had a lease.

"Q. That was when? A. Sometime in February or March."

The foregoing is not verbally limited to the 80 acres covered by the written lease in evidence. The 15 acre lease was for one year (1942) and did not have to be in writing. Sec. 242, New York Real Property Law, Consol. Laws N.Y. c. 50. Since the tenant remained in possession during January and until February 16, 1943, that lease was deemed to have been renewed for 1943. See Courts v. Golden, 257 App.Div. 31, at page 33, 12 N.Y.S.2d 621, and cases cited.

The testimony is barren of any evidence that the landlord re-entered the

premises in either the legal or the practical sense *prior to* the date of possession by the government; it therefore follows that the tenant is to be compensated for what was taken, i.e., 10½ months tenancy of 95 acres, plus the crop, which he had planted, and which was fructifying on February 16, 1943.

The tenant is to receive from the fund on deposit:

(a) 95/100 of growing crop award ($820.00) .......... $ 779.00

(b) Value of his leases from February 16, 1943, to December 31, 1943, or 10½ months, i.e., difference between rental reserved ($100.00 plus $16.66, or $116.66 per month) and rental value as fixed, or $237.50 per month for 95 acres..... 1,268.82

———————
2,047.82

Less unpaid rental for January and one-half of February, 1943 (1½ months @ $116.66) ................ 174.99

———————
$1,872.83

The order to be entered hereon will provide for the division of the $4,945.00 on deposit so that Tradeski is to receive $3,072.17, and the tenant Bobinski $1,872.83.

The Special Master's fee of $70.00 and the stenographer's charges for the minutes are to be paid half by each party by stipulation.

Settle order.