KAY FURNITURE CO. v. ROVIN.

1. CORPORATIONS—ASSETS—DISSOLUTION—LEASEHOLD INTEREST—RIGHT OF RENEWAL.

A leasehold interest, including the right of renewal, is an asset of a corporation which is assignee of the lessee and remained an asset upon dissolution of the corporation (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

2. SAME—DISSOLUTION—RENEWAL OF LEASE.

By exercising the right of renewal under a lease a dissolved corporation merely perpetuated and thereby conserved a potential asset (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

3. SAME—DISSOLUTION—RENEWAL OF LEASE—SUBLETTING.

A corporation which did not assign its interest as lessee's assignee upon dissolution had the right to liquidate such asset by renewing the lease and executing a sublease thereunder during a period of three years following dissolution (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

4. SAME—DISSOLUTION—RENEWAL OF LEASE—CONTINUANCE OF BUSINESS.

Corporation which was organized to engage in the furniture business and was dissolved, did not, by renewing lease of which it was holder of lessee interest by assignment, continue the business for which it was organized or consummate a contract in violation of pertinent statute (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

5. SAME—LIQUIDATION OF ASSETS—ASSUMPTION OF OBLIGATIONS.

Within proper limitations, a corporation may assume obligations which are incident to the liquidation of its assets (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

6. SAME—EXTENSION OF LIFE—WINDING UP AFFAIRS.

During the period of extended life given a corporation by statute for the purpose of winding up its affairs, it is entitled to hold property, or to acquire property, and to transfer or convey the same, even in trust, to wind up the business (Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 13, 1945. (Docket No. 46, Calendar No. 43,072.) Decided October 8, 1945.

Summary proceedings by Kay Furniture Company, a Michigan corporation, against Harry D. Rovin before circuit court commissioner to obtain possession of land. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Friedman, Meyers & Keys (Donald E. Barris* and *Joseph H. Jackier,* of counsel), for plaintiffs.

*Joseph B. Beckenstein,* for defendant.

NORTH, J. Plaintiff seeks possession of a store building occupied by defendant. From a judgment adverse to him by the circuit court commissioner

defendant appealed to the circuit court. After hearing without a jury in the circuit court, judgment was entered against defendant. He has appealed. The main issue is presented by defendant's contention that at the time this suit was instituted plaintiff had no right, title or interest in the leased property occupied by defendant and therefore was not and is not now entitled to possession of the leased premises.

In 1941, plaintiff was incorporated under Michigan law, and it thereafter engaged in the furniture business in the leased premises. Its occupancy was as assignee of the original lessee under a lease given by the owners. On December 1, 1942, plaintiff corporation was dissolved by a resolution of its board of directors. Its creditors were fully cared for, and its assets, except the above-mentioned lease, were assigned to Frank Davis, who was the sole owner of the stock in plaintiff corporation. Davis continued the furniture business in the leased premises until April 19, 1943, at which time he sold to defendant the furniture business, i.e., "the entire stock of merchandise, fixtures and good will," excepting minor chattels not here involved. In the memorandum incident to this sale Davis agreed he would and he did: "Procure from the Kay Furniture Company * * * a lease of the premises * * * for a period of 6 months * * * with an option to the second party (defendant) to take an assignment of and assume the lessee's interest in the underlying lease, * * * which underlying lease is now held by the Kay Furniture Company as assignee." Instead of taking an assignment of the lessee's interest in the underlying lease at the time defendant's first sublease expired, defendant entered into a second sublease with plaintiff as lessor. This second sublease terminated

October 15, 1944, that being the same date on which the original or underlying lease also expired. Prior to the expiration of defendant's second sublease he was given notice by his lessor that possession was demanded of him at the end of his lease.

The underlying or original lease (as amended) gave to the lessee the option of extending the term for two years. In May, 1944, the lease was extended by the owners with plaintiff for two years—October 15, 1944, to October 15, 1946. It is under this extension that plaintiff asserts it was entitled to possession on and after October 15, 1944, the date on which defendant's second sublease expired. But defendant asserts that this renewal of the lease or extension of the leasehold term was wholly ineffective and void because by resolution of its directors plaintiff corporation was dissolved and its assets liquidated as of December 1, 1942. The pertinent statutory provision reads:

"SEC. 75. All corporations whose charters shall have expired by limitation or dissolution * * * shall nevertheless continue to be bodies corporate for the further term of three years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which such corporations were organized." Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 10135-75, Stat. Ann. § 21.75).

Defendant asserts that the renewal of the lease or the extension of its terms for two years from and after October 15, 1944, was not for the purpose of enabling plaintiff corporation "gradually to settle

and close their affairs and to dispose of and convey their property;'' and therefore it resulted merely in an attempted extension of the lease which was wholly ineffective, and in consequence defendant asserts plaintiff had no rights in the leased property when it began this suit. In taking this position defendant relies upon such decisions as *McGuffie* v. *Carter*, 42 Mich. 497, and *Johnson* v. *Riddle*, 240 U. S. 467, 480 (36 Sup. Ct. 393, 60 L. Ed. 752), wherein it is held: ''A tenant is not estopped to show that his landlord's title has expired or has been terminated by operation of law.'' Unless defendant is right in asserting that renewal by plaintiff of its lease was not incident to winding up its corporate affairs, decision of the trial court must be affirmed.

Plaintiff's leasehold interest must be held to be one of its assets. It included right of renewal for two years. The undisputed record is that, notwithstanding its other assets were assigned to Frank Davis, this lease was not so assigned. It remained an asset of the dissolved corporation. By exercising its right of renewal plaintiff corporation merely perpetuated and thereby conserved a potential asset. Its right to do so is not affected by the fact that Mr. Davis owned all of the corporate stock.

Defendant is in error in asserting that on December 1, 1942, plaintiff corporation was fully and completely liquidated and all of its assets passed to Davis. Instead, as noted above, the corporation continued to possess its original lease as an asset. Under it plaintiff had the right to sell and assign its leasehold interest, and also the right to sublease. This lease continued to be an undisposed of asset of the corporation after December 1, 1942, when it was dissolved by resolution of its directors. The lease was not assigned to Davis, nor did it pass to him by

operation of law upon dissolution of plaintiff corporation. Under the above-quoted statute plaintiff within the three-year period had the right to liquidate this asset either by selling its leasehold rights or by subletting.

Defendant is also in error when he asserts in substance that by renewal of plaintiff's lease plaintiff continued its former business and thereby violated that portion of the above-quoted statute which provides that a dissolved corporation shall not continue as a body corporate "for the purpose of continuing the business for which such corporations were organized." The purpose for which plaintiff was organized was to engage in the furniture business. By renewal of its lease plaintiff did not undertake to and in fact did not continue the business for which it was organized, *i.e.*, the furniture business. The renewal of plaintiff's lease was not invalid as being an attempt to consummate a contract in violation of law. This conclusion is justified notwithstanding incident to the renewal of its lease plaintiff corporation thereby became obligated to pay future accruals of rent. Within proper limitations, of which we think this is one, a corporation may assume obligations which are incident to the liquidation of its assets. For example, a corporation may continue to hold for the time being items of its property notwithstanding by so doing the corporation will obligate itself to pay accruing taxes.

And in view of our conclusion that plaintiff could lawfully renew or extend the term of the underlying lease, defendant can gain nothing by his contention that plaintiff could not enter into a valid sublease with defendant for the reason that incident thereto plaintiff corporation, then in process of liquidation, would assume some contingent liabilities, such as

repairing the premises in case of fire. If defendant's sublease was invalid then, under our holding above expressed, plaintiff must prevail in this suit.

Our decision herein is in no way based upon the usually applicable rule that a tenant may not question his landlord's title until the tenant has first surrendered possession of the leased premises to the landlord. Instead, decision herein is bottomed on our holding that plaintiff corporation had the right to and did renew the underlying lease, and therefore was entitled to possession of the property in suit upon the expiration of defendant's sublease on October 15, 1944. The law which in the main governs decision has been accurately stated as follows:

"During the period of extended life given a corporation by statute for the purpose of winding up its affairs, it is entitled to hold property, or to acquire property, and to transfer or convey the same, even in trust, to wind up the business." 16 (1942 Rev.) Fletcher Cyc. Corp. (Perm. Ed.), § 8171, p. 938.

Notwithstanding defendant's contentions hereinbefore noted and other reasons and arguments presented in defendant's brief, which have been considered but which we think are without merit, the judgment entered in the circuit court is affirmed. Costs to appellee.

Starr, C. J., and Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. The late Justice Wiest took no part in the decision of this case.