# APRIL, 1949

NARDIS SPORTSWEAR v. JOHN J. SIMMONS.

No. A-1935. Decided March 2, 1949.
Rehearing overruled April 6, 1949.
(218 S. W., 2d Series, 451.)
(219 S. W., 2d Series, 779.)

610

*E. G. Moseley*, of Dallas, *Graves & Dougherty* and *Ireland Graves*, of Austin, for petitioner.

The Court of Civil Appeals erred in holding that the dissolved corporation, acting by its trustees, had no right to exercise the option in its lease to purchase the property in which the business of the corporation was being conducted at the time of dissolution; and in affirming the judgment of the trial court on that ground. McBride v. Clayton, 140 Texas 71, 166 S. W. (2d) 125; Burkburnett Ref. Co. v. Ilseng, 116 Texas 366, 292 S. W. 179; Conn v. Manchester Amusement Co. 79 N. H. 450, 111 Atl. 339; Gaston & Ayers v. Campbell Co., 104 Texas 576.

*Worsham, Worsham & Riley* and *Jos. Irion Worsham*, all of Dallas, for respondent.

A dissolved corporation has no power under Article 1388 R. S. to exercise, after dissolution, an option to purchase land; and under Article 1359, it cannot obtain specific performance of a wholly executory contract to purchase land, assigned to others. International & G. N. R. R. Co. v. State, 75 Texas 356, 12 S. W. 685; Campbell v. Hood, 35 S. W. (2d) 93; Peurifoy v. Wiebusch, 117 S. W. (2d) 773.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a suit for specific performance of an option contract to purchase certain real estate, brought by Nardis Sportswear, a dissolved corporation, petitioner, by its former directors, as trustees, against John J. Simmons, respondent. The trial was to a jury, and at the conclusion of the evidence the defendant's motion for an instructed verdict was sustained and judgment was entered that plaintiff recover nothing by its suit. An ap-

peal the Court of Civil Appeals, by a divided court, affirmed the judgment of the trial court. 213 S. W. (2d) 864.

There is no controversy with regard to the facts. On June 8, 1943, Nardis Sportswear, Inc., a corporation chartered under the laws of Texas, as lessee, and John J. Simmons, as lessor, entered into a five-year lease covering premises occupied by the corporation, and providing an option for the lessee to purchase the property. The lease provided, among other things, that it was to run for a term of five years, beginning on July 1, 1943, and that the premises were to be occupied as an office and garment factory. The rental was $37,500.00, to be paid at the rate of $625.00 per month, and the lease contained a clause prohibiting assignment or subletting without the written consent of the lessor. The clause granting the option, which will be set out in full in a subsequent portion of this opinion, provided that it was to continue throughout the term of the lease, and the purchase price provided was $75,000.00.

Nardis Sportswear, Inc., remained in possession of the property under the lease, paying its rent as it became due, and it is agreed that the lease never was cancelled. The corporation executed a certificate of dissolution on April 30, 1945, showing that all the stockholders, officers, and directors agreed to dissolve the corporation. This certificate was filed with the Secretary of State and was approved on May 28, 1945, and the corporation was dissolved. Under the applicable statutes, the corporate affairs were then administered by the directors. Vernon's Texas Civil Statutes 1948, Articles 1388 and 1389. The owners of the stock of the corporation at this time were Bernard L. Gold, president of the corporation, and Irving Gold, its secretary.

On June 22, 1945, Irving Gold filed in the office of the County Clerk of Dallas County two separate assignments, each assigning an undivided one-half of all his interest in the assets of the corporation, his interest being represented as fifty per cent. of those assets. These assignments were made to Shirley Hendel and Hilbert Hendel, trustees of the Richard Stephen Gold Trust and the Alvin Jerome Gold Trust, and specifically mentioned that they included "the name NARDIS SPORTSWEAR, and any leasehold held by said corporation at the time of the act of dissolution of same."

On December 17, 1945, Bernard L. Gold notified Simmons, for the dissolved corporation, by mail, that it desired to exercise the option provided in the lease, and requested that Sim-

mons forward an abstract of title to the property described in the lease. The letter provided further that should this title prove satisfactory, the consideration called for in the option would be paid upon the execution and delivery by Simmons of a general warranty deed to the premises. This letter was followed by one of similar import, and which referred to the correspondence from Gold to Simmons, on January 18, 1946, from Robert Ogden, attorney for the dissolved corporation.

In response to these requests Simmons furnished the abstract of title, and the title was approved by the attorney for Nardis Sportswear. Simmons was then requested to furnish a deed to the property. This he refused to do, because, he said, Mrs. Simmons refused to join him in executing the deed. Upon a failure of negotiations, this suit was instituted on October 15, 1946.

It is contended by respondent, and the Court of Civil Appeals held, that the dissolved corporation, acting by its trustees, had no right to exercise the option in its lease to purchase the property in which the business of the corporation was being conducted at the time of its dissolution. To support this holding, Articles 1387, 1388, and 1389 of Vernon's Texas Civil Statutes 1948 are cited. Article 1359 is also applicable to the question before us, and we quote from these four articles as follows:

"Article 1359. No private corporation shall be permitted to purchase any lands under any provision of this chapter, unless the lands so purchased are necessary to enable such corporation to do business in this State, or except where such land is purchased in due course of business to secure the payment of debt."

Subdivision 4 of Article 1387 reads: "4. When, without a stockholders' meeting, all the stockholders of the corporation consent in writing to a dissolution, the same shall be certified to as above and filed with the Secretary of State. When any such certificate is filed with the Secretary of State, he shall issue a certificate that such consent has been filed and that the corporation is dissolved; and said officer shall so note on the ledger in his office."

"Article 1388. Upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to

settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable the mafter paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property. Said trustees shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

"Article 1389. The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation."

■ At common law, when a corporation was dissolved its real estate and personal property ceased to be the property of the corporation, and its former officials had no rights or power with reference to the management or control of same. This was considered a harsh rule indeed, and resulted in grave injustice in many instances to both the creditors and stockholders of dissolved corporations. To relieve the results of this harsh rule, the Legislature in 1907 and 1919 enacted Article 1387, 1388, and 1389.

This Court in the case of McBride v. Clayton, 140 Texas 71, 166 S. W. (2d) 125, construed Article 1388 and 1389, and held that whatever powers remained to a corporation after its dissolution as a going concern came by virtue of such statutes, and only for the limited purposes specified therein. In that case, in speaking of the powers of a dissolved corporation, it was said: "Its qualified existence was in the nature of an administration of its estate, with all its corporate rights fixed and determined as of the date of its dissolution. Crease v. Babcock (Mass. Sup. Ct.), 23 Pick., 334, 34 Am. Dec. 61. It was continued *only* to collect what was due it, to pay what it owed and to distribute what was left of its assets to those entitled to them."

At the time of dissolution of Nardis Sportswear, Inc., there remained more than three years of the five-year term in the

lease. The instrument which created the right sought to be enforced here is a printed form lease, containing the usual provisions and covenants. The sixth paragraph provides:

"6th. That the lessee shall not assign this agreement or underlet the premises or any part thereof (except as may be mentioned herein) or make any improvements or alterations in or to the demised premises (except as may be mentioned herein), without the consent of the Lessor in writing; or occupy or permit or suffer the same to be occupied for any business or purpose deemed extra hazardous on account of fire."

The provision which grants the option was added by typewritter, and provides as follows:

"14. It is agreed and understood that the Lessee has option to purchase the above mentioned described premises together with the 100 feet square of ground at the southeast corner of Wood and Poydras Streets upon which the above described improvements are located together with a tract of land adjoining the above mentioned lot on the east and being further described in deed from G. H. Shoellkopf to John J. Simmons as appears in Book 555, Page 341, Deed Records of Dallas County, same being referred to in deed from G. H. Schoellkopf as 'Second Tract,' together with all improvements thereon, save and except an undivided one-half interest in the partition wall separating the three-story and basement building from the adjoining building south of same, this option to continue through the life of this lease and in the event of purchase by Lessee, the total consideration shall be Seventy-five Thousand and no/100 ($75,-000.00) Dollars, payable in cash or its equivalent."

■ The covenant against assignment in the lease does not provide for a forfeiture in the event of assignment. Furthermore, Simmons' actions in accepting the rents after the dissolution of the corporation and the assignments of the lease clearly disclose that it was not his intention to forfeit the lease. If the contract gave him the right to forfeit the lease, it was waived by him. Henshaw v. Texas Natural Resources Foundation, 147 Texas 436, 216 S. W. (2d) 566.

During its legal existence, Nardis Sportswear, Inc., executed a valid lease on the property involved. It obligated itself to pay the rental therefor, and obtained an option for the corporation to purchase the property. Both were valid obligations, and whatever rights arose from the option clause became an asset of the corporation. The very purpose of Article 1359, 1387, 1388,

and 1389 was to prevent the harsh common law rule from destroying all property rights of a dissolved corporation. Even prior to the enactment of the statutes before us it was held that, though upon dissolution those privileges granted by the act of incorporation were destroyed, any rights having the nature of property, secured by contract based upon a valuable consideration, will survive for the benefit of those who have a just claim to the assets. International & G. N. Ry. Co. v. State, 75 Texas 356, 12 S. W. 685; Sulphur Springs & Mt. P. Ry. Co. v. St. Louis, A. & T. Ry. Co., 2 Texas Civ. App. 650, 22 S. W. 107, writ refused.

■ Here we are confronted with the terms of a lease which carries with it an obligation to pay rentals, and also contains an option to purchase the leased premises. It is contended that the obligation to pay the rental is an obligation which may be enforced; but the option to purchase the property, while it may have been a valuable asset, no longer exists because of the dissolution of the corporation. The lease must be construed in its entirety. If the obligations and liabilities of the corporation survived its dissolution, the rights and corporate assets of the corporation also provided. International & G. N. Ry. Co. et al v. State, 75 Texas 356, 12 S. W. 685; Burkburnett Refining Co. v. Ilseng et al, 116 Texas 366, 292 S. W. 179; Sulphur Springs & Mt. P. Ry. Co. v. St. Louis, A. & T. Ry. Co., 2 Texas Civ. App., 650, 22 S. W. 107, writ refused; Conn v. Manchester Amusement Co., 79 N. H. 450, 111 Atl. 339; Kay Furniture Co. v. Rovin, 312 Mich. 290, 20 N. W. (2d) 194; Chestnut v. Master Laboratories, 148 Neb. 378, 27 N. W. (2d) 541; 11 Tex. Jur., p. 135, sec. 470; Hildebrand, Texas Corporations, Vol. 3, p. 395, sec. 861; Fletcher, Cyclopedia Corporations (Perm. Ed.), Vol. 16, p. 864, sec. 8124; Annotation, 147 A. L. R. 360.

This Court, in the early case of International & G. N. Ry. Co. v. State, supra, announced the rule existing at that time with reference to dissolved corporations as follows: "Lawful dissolution of a corporation will destroy all its corporate franchises or privileges vested by the act of incorporation; but, if it holds rights, privileges and franchises having the nature of property, secured by contract based on valuable consideration, these will survive the dissolution of the corporation, for the benefit of those who may have right to or just claim upon its assets."

In the case of Burkburnett Refining Co. et al v. Ilseng et al, supra, this Court said: "In Texas, our courts have long adhered to the doctrine that the assets of a dissolved corporation will

be protected in equity as a trust fund for creditors and stockholders. In 1907 our Legislature began the enactment of remedial statutes. In 1919 other articles were added. As we construe our statutes, the Legislature has given to creditors and stockholders of a dissolved corporation the same broad measure of relief which equity would have afforded in the absence of legislation."

■ There is no provision in the lease that a dissolution of the corporation would terminate the lease. In the absence of such a provision, whatever rights and claims arose under the covenant became a part of the assets of the corporation when it was dissolved, and were to be disposed of in accordance with the terms of Articles 1388 and 1389. We hold that an option to purchase leased property contained in a lease agreement, and supported by the consideration of the amount agreed upon as rent, is an asset belonging to the corporation. This asset, along with any others possessed by Nardis Sportswear, Inc., at the time of its dissolution, survived for the benefit of those who have a just claim to the assets. In order to liquidate this asset so as to properly settle the affairs of the dissolved corporation, it became necessary for the trustees to exercise the option to purchase. The law sustains them in exercising that right.

■ We have carefully considered the entire record in this case, and have reached the conclusion that the trial court erred in not instructing a verdict for petitioner and entering judgment accordingly. We have also reached the conclusion that the Court of Civil Appeals erred in not reversing the judgment of the trial court and in not rendering judgment in favor of petitioner. Hence it becomes our duty to render such a judgment as the trial court and the Court of Civil Appeals should have rendered. Rule 434, Texas Rules of Civil Procedure.

This cause is remanded to the trial court with instructions to render judgment in favor of petitioner for specific performmance of the option agreement by conveyance of the land in suit to petitioner; and the suggestion having been made by respondent's attorney, in the Court of Civil Appeals as well as here, that pending the appeal in this case the respondent has died, therefore the judgment shall run against his estate, his heirs, administrators, and the executors of his estate, to the extent of the assets descended from respondent; and respondent, his heirs or legal representatives, shall have judgment for the $75,000.00 tendered into the trial court in consideration for the conveyance of the land to petitioner. The trial court shall enter all necessary orders to consummate the judgment herein rendered.

Opinion delivered March 2, 1949.

ON REHEARING.

MR. JUSTICE SHARP delivered the opinion of the Court.

Motions for rehearing were filed in this cause, and after considering same the original judgment heretofore entered in this cause is reformed to read as follows:

■ It having been made known to this Court by the certificate of the Clerk of the District Court of Dallas County, Texas, that petitioner has paid into the registry of that court the sum of $75,000.00 in cash, as consideration for the land and premises involved in the suit, this cause is remanded to the trial court with instructions to render judgment in favor of petitioner for title and possession of the land and premises involved in this suit, and to render judgment in favor of respondent for the said sum of $75,000.00 now so held in the registry of that court; and the suggestion having been made by respondent's attorney in the Court of Civil Appeals, as well as here, that pending the appeal in this case the respondent has died, it is further ordered that pursuant to Rule 369a, Texas Rules of Civil Procedure, such judgment shall be rendered as if all the parties interested therein were living, and it shall have the same force and effect as if rendered in the lifetime of all the parties thereto; and all costs shall be taxed against the respondent. The trial court shall enter all necessary orders to consummate the judgment herein rendered.

Having reformed the judgment as above indicated, the motions for rehearing are overruled.

Opinion delivered April 6, 1949.