**FITTGER REALTY COMPANY, Inc.,** Appellant,

v.

**UNITED STATES of America et al.,** Appellees.

No. 17788.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1959.

M. U. S. Kjorlaug, Bruce C. Billingsley, Robert G. Barstow, Houston, Tex., for appellant.

F. Russell Kendall, M. C. Chiles, Houston, Tex., Roger P. Marquis, Atty., Dept. of Justice, Perry W. Morton, Asst. Atty. Gen., Washington, D. C., for the United States.

Vinson, Elkins, Weems & Searls, Houston, Tex. (Goldstone & Wolff, Sidney A. Wolff, New York City, of counsel), for appellee, Ineeda Linen, Laundry and Cleaning Services, Inc.; Ineeda Laundry and Cleaning Company and Ineeda Linen Service, Inc., both dissolved corporations.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal tests for error an order entered, on full findings of fact and law,[1] in a title adjudication ancillary to a condemnation suit brought by the United States.

The sole issue presented below was, and here is, whether, as claimed by appellant, Fittger, the lease it had on September 11, 1954, made to Ineeda Laundry & Cleaning Company, for a term of five years with an option to renew for another five years, had been terminated, and appellant, as owner of the fee title to the tract condemned, was entitled to receive and take down as its own all the moneys to be awarded in payment for it.

Appellant, not at all contesting, indeed admitting that its original lessee, Ineeda Laundry & Cleaning Company, had a valid lease, pitches its whole attack upon the judgment on the ground that Ineeda Linen, Laundry and Cleaning Services, Inc., appellee, acquired no interest, right, or title in and to the lease for the reason that, by its express terms, the lease was unassignable without the written consent of the lessor.

We think it plain that in so contending, appellee is sticking in the bark of the case. No contention is made, none could be, that the equities in the matter are not all with appellee.

The undisputed facts: that the lessor and the lessee were family cor-

---

[1] In substance these are:

(1) At the time of the institution of condemnation and of the declaration of taking, there was a valid lease on the property which was originally made to and owned by Ineeda Laundry and Cleaning Company, and is now owned by its successor, Ineeda Linen, Laundry and Cleaning Services, Inc.

(2) The lease has never been terminated but remains in full force and effect, and it and its benefits are now owned by appellee, Ineeda Linen, Laundry & Cleaning Services, Inc.

(3) Contrary to the claims of appellant, the transfer of the lease was not without the consent of Fittger, and such transfer did not effect its termination. On the contrary, Fittger Realty Co. was fully informed of, and assented to the transfer, and the lease and the rights it conferred remained in full force and effect.

(4) In addition to its knowledge of, and assent to, the transfer of the lease, Fittger, as lessor in the lease, with knowledge and after the date of its assignment to appellee, knowingly accepted rental under said lease from said assignee and recognized it as lessee.

(5) If Fittger at any time had a right to declare a forfeiture of the lease, it waived that right, indeed is estopped to assert it, the lease is valid and subsisting, and Ineeda Linen, Laundry and Cleaning Services, Inc., the owner thereof, is entitled to be paid the market value of the lease as of the date of condemnation and taking of said tract, April 23, 1958.

(6) Appellee is entitled to withdraw and apply as an advancement to the market value of its lease that part of the money deposited in the registry of the court not heretofore withdrawn by Fittger.

porations, owned by a brother and sister; that everything done by the one in respect of the lease, was communicated, known to, and approved by, the other; that to give any other effect to the undisputed facts than that which the court gave them, would be to work a fraud on the brother and those to whom, with full knowledge and consent of his sister, he and the other stockholders had sold the stock in Ineeda; fully establishes this. In addition, it is too clear, we think, for argument, that, under the settled law of Texas, appellant's position is completely without substance, and that the claim asserted here by appellee, as successor to the rights of Ineeda, that it is entitled to compensation for the taking of the lease, is completely sound. Cf. Wildey Lodge No. 21, I. O. O. F. v. City of Paris, 31 Tex.Civ.App. 632, 73 S.W. 69; Clifton v. Koontz, Tex.Civ.App., 305 S.W.2d 782; United States v. 9,890 Acres, D.C., 56 F. Supp. 729; Nardis Sportswear v. Simmons, 147 Tex. 608, 218 S.W.2d 451, 219 S.W.2d 779.

The judgment was right. It is affirmed.