LONDON TERRACE, INC., V. RAYMOND W. MCALISTER.

No. A-129. Decided May 31, 1944.
(180 S. W., 2d Series, 619)

*Bonney & Paxton, M. M. Wade* and *W. R. Sessions,* all of Dallas, for petitioners.

It was error for the Court of Civil Appeals in their majority opinion to hold that the respondent (McAlister) should be allowed to try his cross action again and in reversing and remanding the cause instead of reversing and rendering said cause, as in minority opinion. Phillips Pet. Co. v. Trigg, 157 S. W. (2d) 411; Cain v. Balcom, 109 S. W. (2d) 1044; Nichols v. Dibrell, 61 Texas 539.

*Albert S. Reagan,* of Dallas, for respondent.

There was no error in the court's overruling plaintiff's objections to defendant's proof of oral representations or warranties made prior to the execution of the written contract and not embodied therein, and was not in error in failing to sustain plaintiff's motion for instructed verdict, and in failing to sustain plaintiff's motion for judgment notwithstanding said verdict. U. S. Gypsum Co. v. Shields, 101 Texas 473, 108 S. W. 1165; Galveston Ry. Co. v. Cade, 100 Texas 37, 94 S. W. 219; Bell v. Gaines, 237 S. W. 346.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the court.

By written instrument Raymond W. McAlister, respondent, leased from petitioner, London Terrace, Inc., a penthouse in New York City for two years at a monthly rental of $220. After fifteen months respondent quit the premises and refused to make further payments, claiming that petitioner had failed to keep the apartment properly heated. Respondent having moved to Dallas, petitioner sued him there for $1,072.56, the amount due under the contract less rents paid by another tenant during part of the unexpired term.

Respondent answered that before the contract was executed he told petitioner his wife's health was such that her apartment had to have proper heating day and night; that petitioner represented that steam heat would always be available in the penthouse; that when the contract was presented to him later for signature petitioner stated it was unnecessary for him to read it as it contained nothing that would affect the landlord's obligation to furnish continuous heating service; that this representation was false in that the contract bound petitioner to furnish heat only "at reasonable hours during the cold seasons" and provided that failure to furnish it should not abate the rent unless caused by petitioner's gross negligence; that petitioner turned off the heat both by day and by night "in bitterly cold weather," so that his wife's health became further impaired, compelling them to abandon the apartment; that, therefore, the rent sued for had been abated. By cross action he asked $2,000 damages for the alleged aggravated illness of his wife.

The jury found (1) that before the contract was executed petitioner agreed that steam heat would be available to keep the apartment heated when necessary; (2) that respondent relied on this representation; (3) that heat was not so furnished; (4) that when the contract was executed petitioner represented to respondent that it was unnecessary to read it as it contained nothing that would affect the oral agreement; and (5) that respondent relied on this representation in signing the contract.

Petitioner moved both for an instructed verdict and for judgment non obstante veredicto. The judgment was that petitioner take nothing and that respondent take nothing on his cross action. Its motion for a new trial being overruled, petitioner appealed to the court of civil appeals.

Respondent filed no exceptions to the court's charge, requested no issues other than the five submitted, made no complaint at the trial court's judgment, offered no cross assignment and made no appeal. In his brief in the court of civil appeals, he urged the correctness of the trial court's judgment, admitting that his cross action had been abandoned.

The court of civil appeals held that the alleged verbal obligation of the landlord to keep the apartment properly heated was no different from its duty to furnish heat under the lease contract; hence there was no fraud, because the representation that the contract contained nothing limiting the obligation already orally made was true. It held, however, that the evidence was sufficient to have sustained a jury finding that petitioner failed adequately to heat the apartment as required by the lease contract; but that the judgment could not be sustained on that ground because respondent had relied exclusively on his allegations of fraud and had not alleged any breach of the contract. Then the majority, Chief Justice Bond dissenting, decided that the cause should be remanded "without prejudice to the right of defendant to amend and allege breach of the heating provision of the written contract." Pointing out that respondent defended on breach of both the verbal and written contract and that the trial court refused to submit any issue to the jury as to any breach of the written contract and expressly decreed that respondent take nothing, Judge Bond contended that the judgment became final as to that issue, in the absence of an appeal or assignment of error. 179 S. W. (2d) 515, 517.

Respondent sought a rehearing on the judgment of the court of civil appeals, which was overruled, but he made no application for a writ of error.

■ The case is before us on petitioner's point of error that the judgment of the court of civil appeals should have been to render the cause rather than to remand it for another trial. Our appellate courts exercise a generous discretion in remanding cases after reversal. With respect to the question before us, the power of the court of civil appeals is defined by Rule 434, Texas Rules of Civil Procedure, as being "to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial." Rule 505, ibid., prescribes that this Court "shall either affirm the judgment, or reverse and render such judgment as the court

of civil appeals should have rendered, or reverse the judgment and remand the case to the lower court, if it shall appear that the justice of the case demands another trial." Before the adoption of these rules we had Arts. 1856 and 1771, R. S. 1925, respectively, in virtually the same language. There is no substantial difference in the meaning of the two rules, because the phrase "when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain," employed in Rule 434, means the same as the language "if it shall appear that the justice of the case demands another trial," used in Rule 505. Williams v. Safety Casualty Co., 129 Texas 184, 102 S. W. (2d) 178.

■ Our decisions show that causes have been remanded after reversal rather than rendered, when the case was tried on the wrong theory, when the evidence was not fully developed, when issues raised by the pleadings were not passed on, when the findings of fact were insufficient, when there were defects in pleadings or in parties, or when it seemed probable that the ends of justice would be better subserved thereby. See 4 Texas Digest, Appeal and Error, key 1177 et seq. These are not all the instances found in the books but they seem to cover this case, in view of the fact that the court of civil appeals remanded it to permit respondent to amend his pleading to allege a breach by petitioner of the heating provision of the written contract.

■ It was held in Michigan Savings & Loan Ass'n. v. Attebury, 16 Texas Civ. App. 222, 42 S. W. 569 (er. ref.), that a case will not be remanded to determine an untried question of fact when no issue thereon was presented by the pleadings. It is said in Austin v. Fields, (Civ. App.) 300 S. W. 247, 249, "As a general rule, a cause should not be remanded in order to permit a party to amend his pleadings." And in the recent case of Yarbrough v. Booher, 141 Texas 420, 174 S. W. (2d) 47, this Court held that the court of civil appeals correctly rendered judgment upon reversal of the judgment of the trial court when "all facts necessary to the determination of the rights of the parties made by the pleadings in the cause have been presented and passed on in the trial court." There are cases, like Camden Fire Ins. Co. v. Yarbrough, (Com. App.) 215 S. W. 842, which hold that the cause should be remanded rather than rendered when that action will better subserve the ends of justice, notwithstanding the pleadings may have to be amended to permit a retrial of the case. In deference to those cases, we must examine the record to determine whether the ends of justice require that respondent be permitted to

replead a breach of the lease contract in abatement of petitioner's demand.

In his answer respondent not only did not invoke the terms of the written lease as ground for abatement of the rent but he expressly repudiated it as measuring his rights in that regard. He relied wholly on the prior oral agreement, which, he alleged, "was *fraudulently omitted*" from the written contract by the petitioner, so that that instrument *"negatived in terms the true agreement* between the parties." So it is clear that when the trial court failed to submit any issues other than those relating to the oral agreement, his action was precisely what respondent had invoked and wanted, therefore we have no question of whether he waived other issues; respondent was repudiating any issues on the written contract in language as strong as he could employ; he wanted nothing to do with them. Any doubt that such was his attitude is wholly dispelled by the language of his motion for rehearing in the court of civil appeals. In urging the correctness of the trial court's judgment and the error in the conclusion of the court of civil appeals that there was no difference between the oral and the written covenants which respect to furnishing heat, he says, "Analysis will show that there *is not merely a difference*, but that *there is not any—not even the remotest—similarity* between them *beyond the fact that both relate to heat.*" Again, he says, "The two covenants—the oral and the written—are *utterly irreconcilable in any view of the matter—palpably so.*" (Italics ours.) Then, in an argument filed here since the submission of this case, he passes over the proposition of gross negligence as differentiating the written contract from the oral, and points out that respondent's liability under the lease was expressly limited to furnishing "only such heat (if any) as may be possible with its existing facilities. * * Moreover, if failure to furnish adequate heat, or indeed any heat whatsoever, was due to inadequacy of the facilities as they were on the day the lease was executed, the landlord could not be held responsible." Also, he says the opinion of the court of civil appeals "infers" that the landlord's duty, under the lease, was only to use ordinary care to see that heat was funished, whereas his obligation under the oral agreement was absolute.

■ Therefore, we have no case tried on the wrong theory under pleadings which support the correct one, no case in which the evidence was not fully developed, no case wherein issues raised by the pleadings were not passed on, no case in which the findings were insufficient, no case wherein there were defects in pleading or in parties. In short, we have no case wherein it is necessary

to remand in order that some matter of fact be ascertained or the damage be assessed or wherein the matter decreed is uncertain. What we do have is a case wherein an independent ground of defense was pleaded in detail, issue joined thereon, and a verdict returned in strict accord both therewith and with the wishes of respondent. Therefore, we do not think that the ends of justice require that it be remanded for a new trial on a theory which has been utterly repudiated by respondent, on a contract which he insists does not speak the truth because of a positive fraud practiced upon him by petitioner.

■ This disposes of petitioner's point. Since respondent assigns no error here in the judgment of the Court of Civil Appeals, we cannot review the holding of that court that the trial court's judgment cannot be sustained on the ground of fraud. Chief Justice Cureton said in Grayce Oil Co. et al. vs. Peterson et al., 128 Texas, 550, 98 S. W. 2d., 781, that this court cannot review a decision of the court of civil appeals except upon specific assignment in a petition for writ of error. In his brief respondent recognizes the force of that decision but seeks to distinguish it on the fact that no motion for rehearing was filed in the court of civil appeals. It cannot be so distinguished. Filing a motion for rehearing in that court does not dispense with the necessity of an application for a writ of error. Judge Cureton specifically held that both are indispensable. Any errors in the judgment of the court of civil appeals not so assigned here are waived. Texas & P. Ry. Co. vs. Perkins, (Com. App.) 48 S. W. 2d., 249. The rule was recently reaffirmed by this court in Cherry vs. Farmers Royalty Holding Co., 138 Texas 576, 160 S. W. 2d., 908, and on motion for rehearing in Moore vs. Dilworth, 142 Texas 538, 179 S. W. 2d., 940. All we can do therefore, is to render the judgment that the Court of Civil Appeals should have rendered.

Accordingly, both judgments below are reversed and judgment is here rendered for petitioner for the sum of $1072.56, with interest at the legal rate, and for all costs in all courts.

Opinion adopted by the Supreme Court, May 31, 1944.