**FRIDDELL v. GREATHOUSE et ux.**

No. 14169.

Court of Civil Appeals of Texas. Dallas.

Feb. 17, 1950.

Rehearing Denied April 7, 1950.

Frank H. King, Terrell, for appellant.

Stanford & Stanford, Canton, and Earl M. Greer, Wills Point, for appellees.

BOND, Chief Justice.

Appellant instituted this suit against appellees to recover the sum of $704.20, being the amount of two checks both dated April 3, 1946, payable to the order of plaintiff and signed by Mrs. Mamie Greathouse (one of the appellees herein) in the

presence of and .at the instance of her husband J. M. Greathouse (the other appellee), in settlement of an account or debt then due appellant. The checks were on the First National Bank of Wills Point, Texas, and before presentment the bank received stop-payment order from Mr. Greathouse against payment of the checks; resulting in the bank's returning the checks to appellant—marked "Stopped Payment." Appellant alleged that the checks were given for value received and, on trial, submitted proof that they were given to him "to settle an account." Appellees assign no cause or reason in pleadings or proof for their protestations against payment of the checks as a defense to appellant's suit.

The trial was to the court without a jury, and judgment entered that plaintiff take nothing by his suit. At the request of the plaintiff, the court timely filed findings of fact and conclusions of law as a basis for its judgment. Summarized: The court correctly found that the checks were duly executed and given for an antecedent or prior existing debt; and before they were presented to the bank for payment, were ordered stopped by the makers. In its conclusions of law the court held that the checks were executory in nature; that the debt, represented by the amount of the checks, was not discharged by the bank's dishonor of said checks; and not having passed into the hands of a bona fide holder for value, the makers having exercised their legal rights in stopping payment before the bank's acceptance or payment, the plaintiff should not recover on the checks, but was relegated to suit on his original debt. Such holding is not applicable to this suit or to the facts found by the trial court. The plaintiff elected to prosecute his suit perforce of the checks, which he had a right to do.

The First National Bank is not a party to this suit. Indeed, the checks were executory, not accepted or paid by the bank; and before such acceptance or payment, the bank incurred no liability for their nonpayment. The order to stop payment relieved the bank of all liability; however, such did not relieve the makers of the legal import of the checks.

A check is a bill of exchange on a bank or drawee, payable on demand or presentment. It does not operate as an assignment of funds in the hands of the drawee available for the payment thereof, and the drawee is not liable on the checks unless and until accepted by it. Negotiable Instruments Act, Title 98, Article 5932 et seq., secs. 126, 127, 185, Vernon's Ann.Civ.St. The makers of a check may not avoid its legal import merely by stopping payment in advance of the drawee's acceptance or certification. Under the law merchant a check, as other bills of exchange, is deemed prima facie to have been given for value; and, to impeach its validity, the burden rests upon the one seeking to avoid its legal consequences. While a payee in a check (he being an immediate party to the transaction) is not regarded as a "holder in due course," as that term is usually employed in innocent purchases of negotiable instruments, yet, so long as the check remains in the payee's possession, in absence of a plea of partial, or total, failure of consideration, or other legal defenses, he has all the rights of a holder in due course, and may sustain suit on the check which evinces the amount of his debt.

In the light of appellant's pleadings and evidence, in the absence of defensive pleadings, or evidence to the contrary, the court should have entered judgment in favor of plaintiff for the face value of the checks in suit. The judgment of the court below is therefore reversed and here rendered in favor of appellant for the sum of $704.20 with 6% interest from January 1, 1947 until paid, and all costs of suit.

Reversed and rendered.

## On Rehearing

PER CURIAM.

Appellees in motion for rehearing earnestly contend that upon the reversal of the judgment of the trial court the cause should be remanded rather than rendered, thus affording them opportunity to plead and offer testimony of partial or total failure of consideration, or other defenses which they

claim can be done upon another trial of the case.

■ It is a rule of simple justice that if the case had been tried upon erroneous theory, or if the plaintiff (or defendant) had been deprived of relevant testimony by some erroneous ruling of the trial court, there would be good reason for remanding the cause for another trial. . Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619. But where there are, as here, no affirmative defensive pleadings to raise the issue of partial or total failure of consideration, and no other affirmative defense that would raise an issue or admit testimony in defense of the suit founded upon a written instrument, this Court would not be warranted in remanding the cause for a new trial merely to allow the parties in default of pleadings to do that which they failed to do in the first instance, or to speculate on what they might or could do on another trial. "In pleading to a preceding pleading, a party shall set forth * * * failure of consideration * * * and any other matter constituting an avoidance or affirmative defense." Rule 94, T.R.C.P. "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * * j. That a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part." Rule 93, Id. "A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue. * * *." Rule 92, Id.

■ The checks in suit import consideration to have been given for value; thus, to impeach their validity, the burden was upon the makers (appellees) to plead and prove a failure of consideration under the provisions of aforesaid rules. A mere denial will not put in issue or admit evidence of an affirmative defense or any other affirmative defense which is required to be pleaded under oath. The only pleading of the appellees was a denial of plaintiff's basic cause of action; that is, one founded upon two checks executed by appellees. While the trial court found facts in support of consideration for the checks, such express findings were unnecessary in light of the pleadings, and such checks were deemed prima facie to have been given for value; and in absence of pleadings to impeach their validity the court could not do otherwise.

■ Furthermore, to remand this cause, we have no assurance that there would be presented on another trial pleadings and evidence to impeach the validity of the checks in suit,—either as to failure of consideration or as to any other affirmative defense. Court may not speculate on what a party can or may do in the circumstances. We must take the case as presented; otherwise a case would never be concluded. Therefore, appellees having failed to plead an affirmative defense, they would not have been allowed to prove one; hence appellant would have been entitled to judgment on the checks, irrespective of appellees' (oral) motion for judgment; and, further, appellees having led the court to enter the judgment, they cannot complain of any injustice having been done to them in reversing such judgment and rendering judgment as the trial court should have done. Appellees' motion for rehearing is overruled.