**PELHAM MANUFACTURING COMPANY et al., Appellants,**

v.

**Harold C. RIDLEHUBER, Appellee.**

No. 3977.

Court of Civil Appeals of Texas.

Waco.

April 5, 1962.

Rehearing Denied April 26, 1962.

Rumph, Ivy & Karpenko, Ft. Worth, for appellants.

Hudson, Keltner, Jordan & Cunningham, Ft. Worth, for appellee.

WILSON, Justice.

Plaintiff recovered judgment of $2000 for personal injuries and $2000 for medical and hospital bills incurred, based on jury findings. Defendants' "motion for judgment non obstante veredicto" (which was actually a motion to disregard the finding on "reasonable and necessary" medical and hospital expense on the ground no evidence of reasonableness was introduced) was overruled. Defendant, having filed no motion for new trial, appeals.

In the absence of motion for new trial, we are not authorized to consider defendants' points that the evidence was insufficient to support the finding, and that the court erred in submitting the issue on expenses over objection.

Admittedly there is no direct evidence in the record as to whether the amounts charged for medical and hospital expenses were reasonable. "It is now well settled that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable". Dallas Ry. & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 383.

Appellant presents a point assigning error to the overruling of its motion to disregard this finding on expenses because it has no support in the evidence. Appellee urges we also are without jurisdiction to pass on this point, absent an assignment in a motion for new trial, under Rule 324, Texas Rules of Civil Procedure. The argument is that the provision in that Rule that a motion for new trial shall not be prerequisite to appeal where "a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues" is confined to instances where an instructed verdict as to the entire case would have been proper, and the motion "goes to the whole verdict." It is urged that the language, "notwithstanding the finding of the jury on one or more special issues" is not distinct or separate from, and adds nothing to the words, "non obstante veredicto"; but merely amplifies the latter. We cannot agree with the contention.

Before 1941 no exception to the requirement of a motion for new trial was

available to an appellant in cases involving motions for judgment non obstante veredicto. In 1941 Rule 324 was amended to provide that an assignment in a motion for new trial was not prerequisite to complaint on appeal of action "in rendering or refusing to render judgment non obstante veredicto". In 1955 a further amendment revised the Rule and gave the provision in question its present form, adding the words, "or notwithstanding the finding of the jury on one or more special issues". When such an amendment is adopted it is ordinarily presumed a change was intended in existing law. American Surety Co. of New York v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715, 719. Before the 1955 revision the Rule was construed as authorizing complaint of overruling of motion for judgment non obstante veredicto without a motion for new trial. Miller v. Miller, Tex.Civ.App.1954, 274 S.W.2d 762, 764, writ ref. After it reached its present form, the Supreme Court stated the purpose of the language in question as it related to one whose motion for judgment non obstante veredicto "is denied" was to authorize complaint of such action without a motion for new trial. Wagner v. Foster, 1960, 161 Tex. 333, 341 S.W.2d 887. The Court did not there have under consideration a situation involving the additional provision, where a motion for judgment "notwithstanding the finding" on one or more issues "is denied", but in our opinion the identical construction of the Rule must be applied to the added words.

Rule 301 contemplates two types of motions: (1) for judgment non obstante veredicto, "if a directed verdict would have been proper"; and (2) for disregard of any jury finding "that has no support in the evidence". The former is "an entirely different thing" from the latter. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 972. The change in Rule 324 recognized the distinction, in our opinion, and authorized complaint of denial of the motion to disregard the jury finding without motion for new trial being prerequisite. See City of Lamesa v. Hutchinson, Tex.Civ.App., 336 S.W.2d 861, 865, writ ref. n. r. e.; Texas & N. O. R. R. Co. v. Flowers, Tex. Civ.App., 336 S.W.2d 907, 911, writ ref. n. r. e.; Texas Employers' Ins. Ass'n v. Mahlow, Tex.Civ.App., 304 S.W.2d 161, 164; Great American Indem. Co. v. Meyer, Tex.Civ.App., 285 S.W.2d 276, 279; Bellmead State Bank v. Anderson, Tex.Civ. App., 293 S.W.2d 834; Wheeler v. Thomas, Tex.Civ.App., 328 S.W.2d 891, no writs.

■ The problem of disposition has, we think, been answered by the Supreme Court. It has said that there is no substantial difference between the duties imposed by Rule 434 and by Rule 505. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 798; London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619, 621; and the fact "that a peremptory instruction would have been justified" does not preclude remand. Hicks v. Matthews, 153 Tex. 177, 266 S.W. 2d 846, 850; Aetna Ins. Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376, 379. Remand, rather than rendition, has been consistent where the ends of justice are subserved, and deficiency of proof is obviously the result of a case not having been fully developed. Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610, 613; Hall v. O. C. Whitaker Co., 143 Tex. 397, 185 S.W.2d 720, 724.

That portion of the judgment awarding $2000 for medical and hospital expenses is severed, reversed and remanded. The remainder of the judgment is affirmed. Appellants' motion to dismiss is overruled. Costs on appeal are taxed equally against appellant and appellee.