**Landrum OSBORNE, Appellant,**

v.

**Jo Murrae DURNELL, Appellee.**

**No. 7683.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 13, 1967.

Rehearing Denied March 13, 1967.

Henry T. Ray, Amarillo, for appellant.

Boyd Knudtson, Amarillo, for appellee.

NORTHCUTT, Justice.

Jo Murrae Durnell, hereinafter referred to as plaintiff, the surviving wife of Melvin H. Durnell, brought this suit against Landrum Osborne, hereinafter referred to as defendant, to recover the principal, interest and attorney's fees as provided for in a note executed by Osborne and payable to Mrs. Durnell. Durnell and Osborne had been associated together in business for some time. Durnell had been killed in an accident some time before the execution of the note here in question. Durnell had an insurance policy in the sum of $10,000 payable to his wife. Mrs. Durnell had collected the $10,000 and on July 31, 1964, loaned $2,000 to Osborne as evidenced by the note sued upon herein. Osborne failed and refused to pay the note when it became due and Mrs. Durnell placed the note in the hands of her attorney to bring this suit. Osborne answered contending Melvin H. Durnell owed him money and that Mrs. Durnell was community survivor of the estate of Melvin H. Durnell and that she had not taken out any administration on the estate of Mr. Durnell. Osborne further pleaded that on March 15, 1964, Melvin H. Durnell executed a note in favor of Osborne in the sum of $2,300 and sought to be discharged on the note sued on herein be-

cause of the indebtedness due him by Durnell as evidenced by the $2,300 note executed by Durnell. Osborne swore to that part of his pleadings, but Osborne's acknowledgement that on the same day he borrowed the $2,000 from Mrs. Durnell he marked and signed on the $2,300 note "Paid in Full" and delivered the note to Mrs. Durnell is contrary to his sworn contention. After the plaintiff filed her motion for summary judgment the defendant in no way replied thereto and summary judgment was granted in favor of the plaintiff for the principal, interest and attorney's fees as provided in the note.

Although the judgment entered herein is shown to be a summary judgment granting the plaintiff judgment for principal, interest and attorneys fees and that the defendant take nothing by his suit against the plaintiff, the case was heard and evidence introduced as to the contention of the parties. We are familiar with the rule that one who seeks to avoid liability on a written obligation such as a note or check must plead and prove his defense. Aydelotte v. Anderson, 280 S.W.2d 945 (Tex.Civ.App.—Amarillo, 1955); Butler v. Price, 138 S.W. 2d 301 (Tex.Civ.App.—Galveston, 1940); Friddell v. Greathouse, 230 S.W.2d 579 (Tex.Civ.App.—Dallas, 1950).

The defendant in this case does not deny borrowing the money from the plaintiff as evidenced by the note sued upon herein and acknowledges that the $2,300 note that he bases his main contention upon was marked by him "Paid in Full" and delivered to the plaintiff and that he contracted in writing at the time he borrowed the $2,000 to release the $2,300 note.

However, regardless of the proceedings herein, we are of the opinion that the proper result was reached in the final judgment entered. The error relied upon was that the trial court erred in granting summary judgment when there were material questions of fact to be resolved by the trial court on the merits. The case was presented to the court without a jury. The plaintiff put on her evidence and stated, "Plaintiff rests." The defendant put on his evidence and stated, "Defendant rests." Rebuttal evidence was given and defendant cross-examined the witness and both parties closed. There is nothing in this record to indicate that the defendant was prevented from introducing any evidence he cared to introduce. The only error we see herein, if any, is the fact that the judgment was drawn as a summary judgment. The judgment was entered after a full hearing. We do not believe such error was the denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

Judgment of the trial court is affirmed.